## Jones *against* Gilbert and another.

Where the declaration upon a receipt given to the plaintiff for goods attached by him as an officer, stated the promise on the part of the defendant in the receipt, to be a promise to deliver the goods to the plaintiff, or some other proper officer ; and the breach assigned was, the neglect of the defendant to deliver them to the plaintiff ; and the declaration showed, that the execution, for the satisfaction of which the goods were taken, was in the plaintiff's hands ; it was held, that the assignment was sufficient, especially after verdict.

Where the promise stated was, to deliver the goods, or pay the damages ; and the breach assigned was, that the defendant neglected to deliver and to pay ; it was held, that the language of the assignment imported the neglect of the defendant, in both respects, and was equivalent to an averment, that he had not performed either alternative of his promise ; consequently, that the breach was well assigned.

Where goods have been attached and delivered to a third person, on his receipt, such receipt is obligatory, whether the subsequent proceedings requisite to complete the process are had, or not ; consequently, it is not necessary, in an action on such receipt, to aver, that the officer who served the original writ, left with the defendant a true and attested copy of such writ, and of his return, describing the estate attached.

It is not necessary for the plaintiff in such action, to state to what amount the officer was commanded to attach ; the process being, in other respects, sufficiently described ; or, if such averment be necessary, the want of it is supplied by verdict.

Where the declaration, in such action, described the property as attached, " by virtue of a writ returnable to the county court, to be held at *New-Haven,* within and for the county of *New-Haven,* on the 4th *Tuesday* of *June,* 1837 ;" and the receipt produced, counted on a writ " returnable to the next county court, on the 4th *Tuesday* of *June,* 1837," without mentioning the county or place of session ; it was held, 1. that both descriptions being true, a greater minuteness in the one instance than in the other, would not constitute a variance ; but, 2. that the question of variance could not arise, as the declaration contained no allegation of any description whatever in the receipt.

Where the return of an officer on a writ of attachment, was in these words : " I also left a true and attested copy with the within named defendants, according to law, with my endorsement ;" it was held, that such return conduced to prove the fact, that a copy of the writ and return, describing the goods attached, was left with the defendants, and was admissible for that purpose.

The valuation of property attached, in a receipt given for it, to the officer, is conclusive upon the parties to that receipt.

But in an action on such receipt, the defendant may show, in reduction of damages, that part of the goods attached were his own property, and may then show the value of that part.

An officer who has taken a receipt for goods attached, to be re-delivered on demand, has a right to demand them of the receipter, at any time—before a demand of payment on the execution, and even before judgment.

*New-Haven,*
*July,* 1840.

*Jones*
*v.*
*Gilbert.*

The application, by the court, of evidence properly admitted, for some purpose in the case, to prove a fact, for the proof of which it was not proper, but which fact, it was unnecessary to prove, does not entitle the unsuccessful party to a new trial.

Therefore, where an officer, in an action on a receipt for goods attached, gave in evidence his own return on the execution, showing a demand of payment upon the execution debtor, and a subsequent demand of goods upon the receipter; which evidence, under the direction of the court, was applied to the purpose of proving the demand on the execution, and the priority of that demand to the other; after a verdict for the plaintiff, it was held, that although the return was not proper evidence to shew such priority, yet as it was not incumbent upon the plaintiff to prove that fact, and every fact necessary to entitle the plaintiff to his verdict, had been shown, by proper evidence, the defendant was not entitled to a new trial.

The omission of the plaintiff, in an action on a receipt, to state in his declaration, that the officer who served the original writ, was therein commanded to attach to any certain amount, does not preclude the plaintiff from a recovery of just damages, for the non-delivery of the goods receipted; such omission not being a matter for the consideration of the jury, nor having any bearing on the amount of damages.

THIS was an action by an officer, claiming damages of the defendants, for their refusal to surrender property, which he had taken, by a writ of attachment, in favour of *Daniel Crowley,* against *Elisha Punderson* and *Amos Baker,* and had delivered to the defendants, upon their written receipt, promising to re-deliver the same to him, or some other proper officer, on demand.

The first count in the declaration stated, that on the 7th of *June,* 1837, the defendants, in consideration that the plaintiff had, at their special instance and request, delivered to them a large quantity of goods, [specifying them,] the defendants undertook, and faithfully promised the plaintiff, to re-deliver to him said goods, on demand: yet the defendants, though often requested, *viz.* on the 9th day of *January,* 1838, to re-deliver said goods to the plaintiff, did wholly neglect, and have hitherto neglected and refused, so to do.

In the second count, it was averred, that the plaintiff was a constable of the town of *New-Haven,* duly qualified; that on the 7th of *June,* 1837, *Daniel Crowley* sued out a writ of attachment, of that date, directed to the sheriff of *New-Haven* county, his deputy, or either of the constables of the town of *New-Haven,* commanding the officer to whom it was directed, to attach the goods or estate of *Elisha Punderson* and

*Amos Baker* of said town of *New-Haven*, and for want thereof, their bodies, and them have to appear before the county court, then next to be held at *New-Haven*, in and for the county of *New-Haven*, on the 4th *Tuesday* of *June*, 1837, to answer unto said *Daniel Crowley*, in a plea of the case, demanding 500 dollars damages, and costs of suit ; that upon said writ of attachment, bond for prosecution was duly given, and said writ was signed by the proper authority, and was, in all respects, according to law ; that said *Crowley* immediately thereafter caused said writ to be delivered to the plaintiff, as constable, to be served and returned according to the exigency thereof ; that afterwards, on the same 7th of *June*, 1837, the plaintiff, by virtue of said writ, as constable, attached certain goods, [specifying them] of the value of 300 dollars ; that the plaintiff, having so attached said goods, took the same into his custody and possession ; and thereupon the defendants, in consideration that the plaintiff, as such constable, would, at the defendant's special instance and request, deliver said goods to them, undertook, and faithfully promised the plaintiff, to deliver said goods to him, or to some other proper officer, on demand, or pay all damages and costs, which the plaintiff might sustain, in consequence of the defendants' neglect to perform their said promise and undertaking ; that the plaintiff, confiding in the defendants' said promise and undertaking, did then and there deliver said goods to the defendants, and took from the defendants their receipt in writing for the same, bearing date the day and year last aforesaid, whereby the defendants acknowledged the receipt of said goods, and promised to deliver the same to the plaintiff, or some other proper officer, on demand, or pay the plaintiff all damages and costs, which might arise to him, in consequence of the defendants' neglect and failure to deliver said goods, as herein before in this count stated ; that the plaintiff duly returned said writ, with his proper indorsement of the attachment of said goods thereon, and the same was entered in the docket of said court, to which it was returnable ; and at said *June* term, the parties of said suit appearing, the suit came, by legal continuances, to the next *November* term of said court, at which last-mentioned term, the plaintiff, *Daniel Crowley*, recovered judgment against said *Punderson* and *Baker*, for the sum of

New-Haven,
July, 1840.

Jones
v.
Gilbert.

254 dollars, and 12 cents, damages, and costs of suit, taxed by the court at 12 dollars, 71 cents, and sued out execution thereon, in due form of law, bearing date the 22nd of *December*, 1837, directed for service to the sheriff of *New-Haven* county, his deputy, or either constable of the town of *New-Haven*, and returnable according to law, within sixty days then next coming, and signed in due form of law, by the clerk of said county court; that afterwards, *viz.* on the 26th of *December*, 1837, said *Daniel Crowley* caused said execution to be put into the plaintiff's hands, to serve and return, as constable, according to law; that the plaintiff, as such constable, by virtue of said execution, on the 9th of *January*, 1838, demanded from said *Elisha Punderson* and *Amos Baker*, the sum due thereon, together with his fees, which they neglected and refused to pay; that afterwards, on the same day, the plaintiff demanded said goods of the defendants, to satisfy said execution; but the defendants, their promise and undertaking not regarding, did not deliver said goods to the plaintiff, though he was ready to receive the same, and made demand thereof; but the defendants wholly neglected and refused, and do still neglect and refuse, to deliver the same to the plaintiff, and to pay him his costs and damages arising from their said neglect, amounting to a large sum of money, which the plaintiff became liable to pay, and did pay, to said *Crowley*, *viz.* the sum of 400 dollars, though often thereunto requested; whereby said execution remains wholly unsatisfied and due to the plaintiff, with the interest thereon and his fees.

The cause was tried, on the general issue, at *New-Haven*, *October* term, 1839, before *Sherman*, J.

The plaintiff, to prove that a true and attested copy of the original writ in favour of *Crowley*, against *Punderson* and *Baker*, and of the officer's return, describing therein the estate attached, was left with each of the defendants in that suit, offered in evidence the officer's return, which was as follows:

" *New-Haven*, ss. *New-Haven*, *June* 7th, 1837. Then, at 2 o'clock, *P. M.*, by virtue of this writ, and by direction of the plaintiff herein named, I attached all the within named defendant's goods; [describing them] and I also left a true

and attested copy with the within named defendants, accord-ing to law, with my indorsement.

Attest. *George W. Jones*, Constable."

The defendants objected to the admission of such return, and claimed, that it should not go to the jury as evidence, because it did not prove, that a true and attested copy of the original writ, and a copy of the officer's return, describing the estate attached, was left with each of the defendants in such original writ. The court admitted the return to be used in evidence for the purpose for which it was offered.

To prove that the defendants receipted the property attached, as stated in the declaration, upon a writ returnable to the county court, holden at *New-Haven*, within and for the county of *New-Haven*, on the 4th *Tuesday* of *June*, 1837, the plaintiff offered in evidence the following receipt : " *New-Haven, June* 7th, 1837. Received of *George W. Jones*, con-stable of the town of *New-Haven*, the receipt of which is hereby acknowledged, one carpet, &c. [specifying the goods attached ;] all the above enumerated articles, valued at 300 dollars, having been, this day, taken, by said *Jones*, on a writ of attachment in favour of *Daniel Crowley* against *Punderson* and *Baker*, both of *New-Haven*, which writ is returnable to the next county court, on the 4th *Tuesday* of *June*, 1837 ; which said above enumerated articles, we promise to deliver to said *George W. Jones*, or to some proper officer, on de-mand ; and on forfeiture thereof, we promise to pay all costs and damages said *George W. Jones* may sustain, in conse-quence of our neglect to perform this obligation.

*Elias Gilbert,*
*William Baker.*"

To the admission of this document in evidence, the defend-ants objected, on the ground of a variance, in this, *viz.* that in the plaintiff's declaration it is alleged, that the property was attached, by virtue of a writ, returnable to the county court to be holden at *New-Haven*, within and for the county of *New-Haven*, on the 4th *Tuesday* of *June*, 1837, whereas in the receipt so offered in evidence, it is not alleged that the property was attached by virtue of a writ returnable to the county court, to be holden at *New-Haven*, but merely upon a writ returnable to the county court to be holden on the 4th *Tuesday* of *June*, 1837, without stating in what county such

court was to be holden.   The court over-ruled the objection, and admitted the receipt in evidence.

To prove the allegation in the plaintiff's declaration, that the plaintiff was commanded to attach the goods and estate of *Punderson* and *Baker,* the defendants in the original writ, as therein stated, the plaintiff offered in evidence such original writ ; to which the defendants objected, on the ground that it is alleged in the declaration, that the plaintiff, by said original writ, was commanded to attach the goods and estate of said *Punderson* and *Baker,* without stating *any amount* that he was commanded to attach ; whereas in said original writ, the officer was commanded to attach the goods and estate of said *Punderson* and *Baker,* to the amount of 500 dollars.   That such was the fact, appeared from such original writ.   But the court over-ruled the objection, and permitted it to go to the jury.

It was admitted, that the goods mentioned in the plaintiff's return on said writ, were actually attached and taken by the plaintiff, as the property of *Amos Baker ;* and that most of the articles belonged to him.   It was claimed, by the defendants, that those articles, at the time of the attachment, and at the time of the alleged demand for them on the execution, as stated in the plaintiff's return on such execution, were not of the value mentioned in said receipt, being worth less than 100 dollars ; and the defendants offered evidence to that effect.   But the court rejected the evidence, on the ground, that the parties in the receipt had stipulated that the value of the goods was, as set forth therein.   But the defendants having offered evidence to prove, that a portion of said goods were the property of said *Baker,* when the attachment was served and the receipt given, and to prove the value of such goods, the court instructed the jury, that if they should find for the plaintiff, he would be entitled to recover the sum, which would remain, after deducting from the valuation stipulated in the receipt, the value of *Baker's* goods, if any were his, not exceeding the amount of the execution, with the interest and costs.

The defendants claimed, and offered evidence tending to prove, that no demand was made upon *Punderson* and *Baker,* for payment on the execution, before demand was made on the defendants, for the delivery of the property specified in

the receipt; and insisted, that the demand on the defendants for the property, was, for that reason, void. To prove such demand upon *Punderson* and *Baker*, the plaintiff, with other evidence, offered his return on the execution, which was as follows: "*New-Haven*, ss. *New-Haven, February* 3rd, 1838. Then, by virtue hereof, I, on the 9th of *January*, 1838, made demand of the within defendants, for the amount of this execution, with my lawful fees. I then made diligent search throughout my precincts, for goods, chattels or estate of the within named *Elisha Punderson* and *Amos Baker*, whereon to levy this execution, but could find none. I, then, on the said 9th day of *January*, 1838, made demand upon *Elias Gilbert* and *William Baker*, the receipts-men, of the property of *Amos Baker*, one of the defendants, which I attached, by virtue of the original writ, duly returned to the county court, for *New-Haven* county, at its *June* term, 1837; which property was receipted to me, by a proper writing, signed by *Elias Gilbert* and *William Baker*, dated *June* 7th, 1837. I afterwards repeated the demand, several times, to said *Gilbert* and *Baker*, to re-deliver said property so receipted, whereon to levy this execution; but said *Gilbert* and *Baker* severally refused to re-deliver, or otherwise satisfy this execution, and save me harmless. I, therefore, returned this execution unsatisfied.

Attest. *George W. Jones,* Constable."

The defendants insisted, that this return was not evidence of a demand on the defendants for the property, and prayed the court so to instruct the jury. On this point, the court instructed the jury, that the demand for the property of these defendants was of no avail, unless payment had been previously demanded on the execution of the original debtors; and that said return was admissible to prove a demand on the original debtors for payment of the execution, and also to prove that such demand was made prior in time to the demand for the property.

The defendants further claimed, that as it was not stated in the plaintiff's declaration, that the officer in the original writ in favour of *Crowley*, was commanded to attach the goods and estate of *Punderson* and *Baker*, to any amount, the plaintiff could not recover any damages, or at most, could recover only nominal damages; and prayed the court so to

*New-Haven,*
*July,* 1840.

Jones
*v.*
Gilbert.

instruct the jury. The court did not so instruct the jury, but charged them, that if the facts set forth in the declaration, were proved, the plaintiff was entitled to recover of the defendants, his damages, to be estimated as aforesaid.

The jury returned a verdict in favour of the plaintiff, on the second count, for the amount of the original judgment, with costs on the execution and interest. The defendants thereupon moved in arrest of judgment, for the insufficiency of the declaration, and for a new trial, for the admission of the evidence by them objected to on the trial, and for a misdirection. The questions arising on these motions, were reserved for the advice of this court.

*Kimberly* and *C. A. Ingersoll*, in support of the motions, contended, 1. That the declaration was insufficient. First, the promise set up in the declaration, is, to deliver the property to the plaintiff, or to some other proper officer. The breach set up is, that the defendants did not deliver it to the plaintiff. For aught that appears, the defendants might have delivered it to some other proper officer ; and if so, the contract stated in the declaration is not broken. 1 *Chitt. Plead.* 366.

Secondly, the promise stated in the declaration, is, to deliver the goods, or pay the damages. The contract, therefore, is not broken, if the defendants did either ;—if they delivered, or paid. The breach is, that they did not deliver *and* pay. They promised only to do one ; but the plaintiff, by his breach, complains, that although they may have done one, they have not done both. The breach here is larger than the contract ; and is, therefore, insufficient. On a promise to deliver a horse, or pay a sum of money, the breach must be, that the defendant did not deliver *or* pay. 1 *Chitt. Plead.* 366, 7. *Wilkinson* & al. v. *Thorley* & al. 4 *Mau. & Selw.* 33. *Pomroy* v. *Bruce,* 13 *Serg. & Rawle,* 186.

Thirdly, there is no allegation in the declaration, that the plaintiff left a true and attested copy of the original writ, with the plaintiff's doings thereon, describing the property attached, with the defendants in such original writ. The statute prescribes, that in order to make the lien good, the officer must leave with the defendant a true and attested copy of the writ, and of his return, describing the estate

attached thereon. *Stat.* 38. (ed. 1835.) If he neglects to do this, the lien is gone, and he has no right to hold the property, which he may have attached. There is no allegation in the declaration, that he has done this. He has, therefore, no cause of action.

Fourthly, the plaintiff can recover, only where he has sustained damage; and it appears, by the declaration, that he has sustained no damage. The declaration alleges, that he was commanded to "attach the goods and estate," &c., without stating, that he was commanded to attach to *any amount.* An officer can, in no event, be liable to the plaintiff in the original writ, to an amount exceeding that to which he is commanded to attach. If he is not commanded to attach to any amount, he cannot be made liable in damages, for not attaching. *The New-Haven Bank* v. *Miles* & al. 5 *Conn. Rep.* 588. At any rate, the plaintiff shows, by his declaration, a case for nominal damages only; and the court, in refusing to give the instruction requested, manifestly erred.

2. That the defendants were entitled to a new trial. First, the plaintiff's return on the original writ, was not evidence to prove that a copy of such writ, and of the return describing the goods attached, was left with each of the defendants. [This objection was not pressed.]

Secondly, the receipt offered in evidence by the plaintiff, was inadmissible, because it referred to a different process from that stated in the declaration; the former counting on a writ, returnable to the next county court, on the 4th *Tuesday* of *June,* 1837, whereas the writ mentioned in the latter, is described as returnable to the county court to be holden at *New-Haven,* within and for the county of *New-Haven,* on the 4th *Tuesday* of *June,* 1837.

Thirdly, the charge as to the rule of damages, was incorrect. The contract is one of *indemnity.* The plaintiff is to recover what he will be liable for, and that only. *Clark* v. *Smith,* 9 *Conn. Rep.* 379. The defendants can make the same defence here, that the officer could make, if the suit were against him. 1 *Sw. Dig.* 590. *Learned* v. *Bryant* & al., 13 *Mass. Rep.* 224. The question is, to *what extent* has the officer been damnified? That depends upon the value of the goods, at the time of the demand. The value expressed

*New-Haven,*
*July, 1840.*

Jones
*v.*
Gilbert.

in the receipt, is not conclusive ; it is, from the nature of the case, *opinion* merely.   4 *Conn. Rep.* 361.

Fourthly, the charge was wrong, inasmuch as it said, that the return was admissible to prove, that the demand of payment was made, prior to the demand of the property.

*R. I. Ingersoll* and *Mix,* contra, contended, 1. That the officer's return on the original writ against *Punderson* and *Baker,* was substantially all that the law requires. He describes the property attached, " by virtue of this writ," and certifies, that he left a " true and attested copy" with the defendants, with his endorsement, " according to law." It was not necessary that he should, in his return, adopt the literal language of the statute.   *Preston* v. *Hicock* & al., 9 *Conn. Rep.* 523.

2. That there was no variance between the original writ, as described in this declaration, and the receipt offered in evidence.   The latter is in entire consistency with the former. The receipt describes the court as " the next county court, on the 4th *Tuesday* of *June,* 1837." The times of holding the different courts are prescribed by statute.   There was no other county court in this state, on the 4th *Tuesday* of *June,* 1837, except that at *New-Haven,* within and for the county of *New-Haven.   Andrews* v. *Williams,* 11 *Conn. Rep.* 326. *Page* v. *Woods,* 9 *Johns. Rep.* 82.   *Jones* v. *Cook,* 1 *Cowen,* 309.

3. That the parties themselves, having agreed upon the value of the goods, described in the receipt, and put that stipulated value into their contract, must be bound by it. *Brooks* v. *Hubbard,* 3 *Conn. Rep.* 58.   1 *Sw. Dig.* 180. Suppose the goods, instead of being of less value than the sum mentioned in the receipt, had been worth 1000 dollars more ; could the plaintiff recover that enhanced value as damages, instead of taking what he had agreed in the receipt should be the value ?

4. That the officer's return was properly permitted to go the jury.   This was given in evidence, with other evidence, to prove a demand on the defendants for the property.   It was not objected to, until after it was in.   The defendants then insisted, that it was not evidence of a demand for the property.   The first answer is, that the objection came too

late. But besides this, the charge of the court was not in conflict with the defendant's claim ; for the court charged, that the return on the execution was only evidence of a demand on the original debtors, and of the time when the demand was made. That time being mentioned in the return, would show whether it was, or was not, prior to the demand for the property receipted, which the " other evidence" came in to establish. The court, therefore, admitted the return, thus, to show the priority. An officer's return is *prima facie* evidence. *Gyfford* v. *Woodgate* & al., 11 *East,* 297. And this, too, where he is a party. *Cornwell* v. *Cook,* 7 *Cowen,* 310.

5. That the declaration was sufficient. First, as to the breach. The charge is, that the defendants had engaged to do one of two things ; and the breach is, that they had neglected them both ; they had neglected to deliver the goods, and they had neglected to pay the money. At any rate, the defect, if there be any, is cured by verdict. Secondly, the declaration shows, that the officer did every thing necessary to constitute a lien on the property in question. It states, that he attached it, and made his return according to law. A more particular statement would be superfluous. Thirdly, it is not essential to the validity of the attachment, that the *amount* to be attached, should be mentioned in the writ. Its omission does not render the process nugatory.

Sherman J. Upon the motion in arrest, the defendants take the following exceptions to the declaration.

1. First, that the assignment of the breach of the promise to re-deliver the goods, is too narrow. The stipulation in the receipt was, to deliver them to the plaintiff, or some other proper officer ; but the breach assigned is, a refusal to deliver to the plaintiff only. It is insisted, that the defendants may have delivered the goods to some other proper officer, and so kept their engagement, consistently with this allegation.

By a " proper officer," is meant one having a right to levy on these goods in behalf of *Crowley,* in the suit in which they were attached. But the declaration shews, that the execution, which alone could confer this right, was in the hands of the plaintiff to levy and collect ; and, of course, there

could be no other proper officer to whom they could be delivered. Although the declaration has not, in this respect, the greatest possible certainty, yet we consider it sufficient, especially after verdict.

2. It is next contended, that the breach assigned, is, in another point, too broad. The declaration charges, it is said, that the defendants did not deliver the goods, on demand, *and* pay the damages for non-delivery. This allegation, they insist, may be true, and still they may have either delivered the goods, *or* paid the damages, either of which would fulfil their engagement. They had stipulated to do but one, and the plaintiff complains that they have not done both.

This construction of the declaration is not warranted, by its language. Their refusal to deliver to the plaintiff, is first distinctly averred, which would be sufficient, even if followed by a subsequent and separate allegation that they had not delivered *and* paid. But there is no such allegation. The words are these : " and thereupon, afterwards, on the 9th day of *January,* 1838, the plaintiff demanded said goods of the defendants to satisfy said execution ; but the defendants, their said promise and undertaking not regarding, did not deliver said goods to him, the plaintiff, though he was then and there ready to receive the same, and made demand thereof ; but the defendants wholly neglected and refused, and still do neglect and refuse, to deliver the same to the plaintiff, and to pay him his costs and damages arising from their said neglect." That is, they refuse to deliver the goods, and *also* refuse to pay the costs and damages arising from their neglect to deliver them. The complaint is not, that they have not done both ; but that they have not done either the one or the other.

3. Exception is also taken to the declaration, because it does not state, that the plaintiff left, with the defendants in the original action, a true and attested copy of the writ, with his doings thereon, describing the property attached, as required by the 5th section of the act for the regulation of civil actions ; and if not, it is contended, that he had no lien on the goods, and no right to demand them, by virtue of the receipt.

On the 7th day of *June,* 1837, immediately upon the attachment of the goods, at the suit of *Crowley,* and before it became necessary, by law, to leave a copy with *Punderson*

and *Baker*, these defendants, who were strangers to that

action, took the goods from the plaintiff, and gave him their receipt. In the receipt they state, that the goods had been, that day, taken by *Jones* on the writ of attachment. There is nothing in this exception to shew, nor is it contended by the counsel of the defendants, that the receipt was not *then* valid. The title of the officer to the property, as against these defendants, is derived from their promise, made upon sufficient consideration. If any subsequent neglects occurred in his proceedings, by reason of which the goods could not be holden to respond the judgment ; or if the writ were abated, or, for any other cause, no judgment rendered for *Crowley*, the officer would be accountable for the goods to *Punderson* and *Baker*. Neither of these causes, nor any other apparent on this record, would justify the defendants in refusing a redelivery. That the receipt was obligatory, when given, is sufficient to entitle the plaintiff to his action, unless the defendants have become subsequently absolved, for some cause yet unknown to the court. And although the plaintiff avers, that a judgment was rendered, and execution issued, against *Punderson* and *Baker*, and that he demanded the goods to be applied on that execution ; yet the demand and refusal is all, in these averments, which is essential to a recovery. The rest go merely to the damages. Even if the writ had never been returned, the officer would be entitled to a re-delivery of the goods attached.

4. But it is further objected, that the plaintiff, in his declaration, has shewn no authority to attach the goods at all, as he does not aver that any amount was prescribed in the original writ. It is described, in the declaration, to be a writ of attachment, on which bonds for prosecution were duly given, directed to proper officers, returnable to a court of competent jurisdiction, signed by proper authority, demanding 500 dollars damages, and in all respects according to law. No question is made, but that the service and return are sufficiently set forth in the declaration. The judgment shews, that the attachment was not excessive. We are of opinion, that the process is sufficiently described, to shew, that the officer was not a trespasser ; and that the want of a more perfect description, if it was necessary, is supplied by the verdict.

*New-Haven,*
*July, 1840.*

*Jones*
*v.*
*Gilbert.*

The motion for a new trial takes several exceptions to the interlocutory decisions of the superior court.

1. The first is, to the admission in evidence of the return of the officer on the original writ, to prove that a copy of the writ and of the return, describing the goods attached, was left with each of the defendants. As to this fact, after stating the attachment, by virtue of the writ, and describing the property, the return is in these words: " I also left a true and attested copy with the within named defendants according to law, with my indorsement." This, certainly, conduces to prove the fact. But this objection is not pursued in the argument.

2. The receipt offered in evidence, by the plaintiff, was objected to, as being materially variant from the statement in the declaration, which describes the property as attached by virtue of " a writ returnable to the county court to be held at *New-Haven,* within and for the county of *New-Haven,* on the 4th *Tuesday* of *June,* 1837;" but the receipt produced merely counts on a writ " returnable to the next county court, on the 4th *Tuesday* of *June,* 1837," without naming the county or place of session: that is, the declaration describes the former process more fully than it is described in the receipt. This language in the declaration does not purport to describe the receipt itself, but the writ by which the property was taken. Both descriptions are true ; and the facts, so far as they are stated in both, are the same. There is no variance ; nor is there any uncertainty in the description of the writ or property, as given in the receipt. To sustain this objection, on the ground of variance, the declaration must have described the receipt as containing the same description of the original process, which is given in the declaration itself, as to this particular. But whether the receipt contained any description of the court to which the original process was returnable, is no where stated in the declaration. This objection is, therefore, groundless.

3. It was admitted, on the trial, that most of the goods attached, and delivered to the defendants, were taken as the property of *Amos Baker ;* and the defendants offered evidence to prove, that, at the time when said property was attached, and when the demand was made, the property was of less value than that specified in the receipt. The court

rejected this evidence, on the ground, that the defendants
had stipulated in the receipt, that the goods were of that
value.   No testimony was offered to shew a depreciation
after the date of the receipt.   But evidence was admitted to
prove, that a part of the goods belonged to *William Baker,*
one of the defendants in this suit ; and to prove the value of
that part.   The court instructed the jury, that, if they should
find a verdict for the plaintiff, he would be entitled to recover
the sum which would remain, after deducting from the stipu-
lated valuation, the real value of the goods of *William Baker,*
if any were his ; but not exceeding the amount of the execu-
tion, with the interest and costs which had arisen thereon.

We are of opinion that this charge was correct.   It must
have been given in reference to the evidence before the court.
There might have been such an amount of property attached,
that the officer would be entitled to a larger measure of
damages, to enable him to account over to the debtors,
after discharging the execution.   Such a state of facts, how-
ever, cannot be presumed ; and had it existed, it would lay no
foundation for complaint on the part of the defendants.   This
rule gave the smallest measure of damages to which the
plaintiff was legally entitled.

The valuation given in a receipt for property attached,
has ever been justly considered, upon demand in behalf of the
creditor in the execution, and a refusal, as conclusive on the
parties.   So far as the security of the debt is its object, it is
intended as a stipulation.   Even receipts for property which
had no existence, have been deemed an estoppel, in relation
to the rights of the creditor.   The officer becomes responsi-
ble to the creditor for the amount thus stipulated, if there is
no subsequent depreciation ; and the receipter's engagement
is, to save him harmless.   Where, as in this case, the amount
of the debt is not controverted, and that exceeds the stipula-
ted value, the question as to the actual value is irrelevant.
The ratification of such agreements, according to their just
intent, is important to both debtor and creditor.   The debtor,
by procuring some friend to give a written acknowledgment
of the receipt of property, which has not been attached at all,
estimated at a sufficient sum, with an engagement to re-
deliver it on demand, shields his goods from seizure, secures
the debt, and protects the officer.   When the debtor is will-

ing to secure whatever judgment may be ultimately rendered, but is desirous, in the mean time, of disposing of property actually attached, the object of each party may be attained, by an estimate acceptable to the creditor or officer. These agreements are voluntary and lawful. To nullify them, would divest the parties of the important liberty of making arrangements for their mutual benefit, at a crisis deeply interesting to both. But, where property is actually delivered, the receipter will not be responsible for any depreciation occurring without his neglect, nor estopped from claiming it as his own, if taken wrongfully for the debt of another. In this case, no evidence as to these points, has been excluded.

4. A question arose on the trial, whether the demand on *Punderson* and *Baker* for payment on the execution, was prior or subsequent to the demand on these defendants for the re-delivery of the property. It seems to have been assumed, by the counsel on both sides, and so the court charged the jury, that, unless the officer made a previous demand on the debtors, these defendants were not liable on their promise. In pursuance of this assumption, evidence was introduced, on both sides, relative to the question of priority ; and, among other testimony, the plaintiff offered his own return. It is not denied, that this was proper evidence to shew that a demand for payment was made on *Punderson* and *Baker ;* nor is it contended, that the return is admissible to shew, that the officer made demand of these defendants for the delivery of the goods. But the court held, that although it was not evidence of a demand for the goods,—as such demand not being an official act, must be shewn wholly by other proof— yet it was admissible to shew, that the demand of payment was *before* any demand had been made for the delivery of the goods. But we consider both these opinions as erroneous. It was not necessary to prove any such priority. The plaintiff had a right to demand the goods, at any time, even before judgment ; for he was accountable for them, both to the debtor and creditor. He had the same right to the possession, as if he had never put them out of his own hands. The promise was absolute, to deliver them on demand, without regard to the judgment or execution. It was, therefore, wholly immaterial, whether the demand for the goods was

made before or after the demand for payment. The respon-
sibilities of the officer would be the same, in either case. It
could make no difference, if payment was refused on the
execution, as to the officer's liabilities, whether the goods
were in his own possession, or in the hands of the receipter,
at the time of such refusal. The amount of his ultimate lia-
bilities, to creditor or debtor, would, in either case, be the
rule of damages.

Had the question in regard to the order of time been ma-
terial, the admission of the return as evidence on that point,
being erroneous, would entitle the defendants to a new trial.
But under the charge, as it was, the jury have grounded their
verdict on proper evidence alone. They were required to
find every fact which was necessary to entitle the plaintiff to
his damages. Even when they had done this, they were
charged not to give a verdict against the defendants, unless,
upon improper evidence, they should also find another fact,
which was wholly unnecessary and immaterial. Of this
error, the defendants cannot complain, as its only tendency
was, to increase their chances for success.

5. As it is not stated in the declaration, that the officer was
commanded, in the original writ, to attach to any certain
amount, it was contended, on the trial, that he could recover
only nominal damages. It is not objected, that the original
writ, as shewn on the trial, did not prescribe the amount in
common form, or that the property attached exceeded the
amount prescribed. The question then is, whether an omis-
sion in the declaration to describe the original writ in this
particular, will prevent a recovery of just damages for pro-
perty taken in a regular manner, on regular process. We
are of opinion, that this objection is not aptly made, on the
question of damages. Its appropriate place was on the
motion in arrest, where it has already been considered.
The jury were to ascertain the damages sustained, by a
breach of the promise to re-deliver the goods, upon the evi-
dence before them, of which the original writ was a part.
That was read in evidence on the trial : and the omission to
describe it more fully in the declaration, was not a matter
for the consideration of the jury ; nor had it any just bearing
on the amount of damages.

For these reasons, we advise that the motion in arrest be overruled, and no new trial granted.

In this opinion the other Judges concurred.

> Declaration sufficient ;
> New trial not to be granted.