Adams *v.* Fox.

2. They received the property jointly, and were jointly liable to Clark, and whatever sums either of them paid, or received, were for their joint benefit; and no doubt it was good accounting, before the auditors, for the defendant to show that he had paid the avails to Clark, after the plaintiff had received the full amount of his disbursements, but not before.

## WILLIAM ADAMS *v.* JACOB FOX.

One who has executed a receipt to an attaching officer, for property attached, thereby promising to deliver the property to the officer upon demand, may show, in defence of an action against him upon the receipt, that the property receipted was, at the time of the attachment, his property, and not liable to the attachment, and that he then so informed the officer ; and such showing will entitle him to judgment in his favor.

46

---

Adams *v.* Fox.

---

ASSUMPSIT upon a receipt for property attached. Plea, the general issue, and trial by the court.

On trial the plaintiff gave in evidence the receipt declared upon, executed by the defendant, by which he acknowledged that he had received of the plaintiff, a deputy sheriff, one hundred and twenty five sheep's pelts, worth one hundred dollars, which the plaintiff had attached as the property of Andrew Backus, upon several writs of attachment against him, describing them, which property the defendant therein promised to " deliver to said Adams, or his order, on demand, free from expense." The plaintiff also proved the other facts, necessary to support his declaration.

The defendant then offered to show that the property named in the receipt belonged to him, at the time the attachment was made, and that he then so informed the plaintiff. To the admission of this testimony the plaintiff objected; but the court overruled the objection, and received the testimony, and rendered judgment for the defendant. Exceptions by plaintiff.

*A. P. Hunton* for plaintiff.

The contract was made by competent parties, and is lawful. If it is founded upon sufficient consideration, the evidence offered by the defendant was improperly admitted. An officer has a special property in goods lawfully attached by him, and a right of possession. Bigelow's Dig. 110, § 10. *Ladd* v. *North*, 2 Mass. 514. *Whittier* v. *Smith et al.*, 11 Mass. 211. *Johnson* v. *Edson*, 2 Aik. 299. Any act, by which the defendant has benefit, is a sufficient consideration for a promise,—as the delivery of certain goods, in which the plaintiff had only a special property; for the defendant had a benefit by the present possession. Cro. Eliz. 218. Yelv. 450, cited in 1 Com. on Cont. 12. Any forbearance of a right is a foundation for an undertaking. *Pillans et al.* v. *Meirop et al.*, 3 Burr. 1673. The officer had a right to retain the possession of the property, as against the defendant and all the world, whoever might be the real owner of it. *State* v. *Downer et al.*, 8 Vt. 424. This right he forebore, at the defendant's request.

But, if it is considered that the officer had not, strictly, and in justice, a right to the possession, if the property belonged to the defendant, it still stands that he claimed that it was not the defendant's

property, and the dispute was settled, as the contract shows. *Blake* v. *Peck,* 11 Vt. 483.

It is sufficient that a slight benefit be conferred by the plaintiff on the defendant. Chit. on Cont. 7. 1 Com. on Cont. 14. 2 Saund. R. 137 *e,* n. 6. 10 Ves. 292–295. 1 Bridg. Eq. Dig. 359.

The contract in this case is reasonable ; the defendant regarded his title to the property as doubtful, and concluded to relinquish his claim to it, by having the privilege of then possessing it.

*J. Barrett* and *J. S. Marcy* for defendant.

As between the officer and receiptor, the receipt is a contract of indemnity to the officer. *Spencer* v. *Williams,* 2 Vt. 209; 13 Conn. 521. Its conclusiveness rests on the ground that the officer is liable, upon his return, to have the receipted property to respond final judgment. In this case, having attached the property of Fox, and not of Backus, his return created no liability. If he had given up the property to Fox after attachment, showing that it belonged to Fox would have been a good defence for him. If he had taken the property and sold it, he would have been liable to Fox therefor in trespass. *Merritt* v. *Miller,* 13 Vt. 416. *State* v. *Miller,* 12 Vt. 437. *Learned* v. *Bryant et al.,* 13 Mass. 224.

The receiptor is not *estopped* from showing that the property receipted is his own. 1. In this case he practiced no fraud upon the officer, by silence, or misrepresentation as to the ownership of the property, by which the officer was caused to withhold inquiry or search for other property. 2. The receipt makes no *admission* as to whose the property *is,* in fact, but only *as whose* it is attached. 3. Nor is the *promise to return* the property conclusive. The receiptor may show, in defence, that the property belonged to another, or that it has perished, without his fault. 13 Conn. 520–522. 13 Mass. 224. *Harvey* v. *Lane,* 12 Wend. 563. *Edson* v. *Weston,* 7 Cow. 278.

Moreover, the *consideration* of the *promise* may be inquired into in this case, as well as in an action on a promissory note. What is the consideration of the promise in the receipt ? *Not,* as has been sometimes said, the yielding to the receiptor a specific lien and right of possession acquired by the attachment; *Fisher* v. *Cobb,* 6 Vt. 622 ; if the property belonged to Fox, the officer had no right to

the possession, but that right was in Fox alone;—if so, the permitting Fox to keep that possession could be no consideration for the promise to return.

Again, if the receiptor gives up the property to the *real owner*, that fact may be shown by him, and it constitutes a full defence to an action on the receipt. 13 Mass. 12. 12 Wend. 563. 7 Cow. 278. 13 Conn. 520. Story on Bailments 98. Why may not the receiptor as well show that the property is *his own?*

*Policy*, also, requires that the receiptor be permitted to show the property attached and receipted to be his own, in defence to an action upon the receipt. If he can only show it in *mitigation of damages*, he will be driven to the alternative of losing the possession and use of his property until the failure of the suit on which it was attached, or until the officer sees fit to deliver it up to him, or until he has established his right, by a suit, to recover, not his property, but the *value* of it. And why sustain this action, for the sheriff to recover nominal damages, which can be of no use to the creditor? And if this suit may be sustained against Fox, why may not he sustain an action against Adams, and recover the damages and costs, to which he has been subjected in this suit?

The opinion of the court was delivered by

Redfield, J. The only question in this case is, whether a receipt man may defend the suit of the sheriff, by showing that the property belonged to him at the time of the attachment. The case of *Learned* v. *Bryant*, 13 Mass. 222, decides, that the receipt man may show that the property belonged to a third person, who has claimed it, and to whom it has been surrendered. The case of *Barsley* v. *Hamilton*, 15 Pick. 40, decides, that the receipt man may show property in himself *in mitigation of damages;* and, in consequence of such proof, the recovery was merely *nominal* in that case. The case of *Jones* v. *Gilbert*, 13 Conn. 507, seems to decide, in general terms, that such a defence is available to the fullest extent; although that question, in that particular case, only affected the *quantum* of the damages, there being other property, to which that question did not extend.

The principle of all these cases is the same, I think. The question is, whether the officer is answerable over to any one; and if not,

the defence is received, to prevent circuity of action. It is rather anomalous, to suffer an officer, in such case, to recover nominal damages; and if it could be justified upon any ground, it would seem to be on that of the receipt man's not asserting his claim at the time of the attachment, and thus leading the officer astray. In such case, perhaps, the officer ought not to be cast in the suit, and burdened with a bill of cost. And I can conceive, that, if the officer had been induced to forego farther attachment, which he might else have made, in consequence of the receiptor's silence, he might thus, in equity and justice, make himself liable for the full value of the property. But nothing of that kind exists in the present case. The claim of the receipt man was seasonably asserted, the officer has not been decoyed, or deceived, he is answerable over to no one, and to refuse this defence is to give to this class of contracts a force and validity, which they have not hitherto had.

There is no strict estoppel, except by record, or deed. When parol contracts have been construed in the *nature of an estoppel,* it has been to *prevent fraud.* And, as I have said, if the defendant had made no claim to this property at the time of the attachment, that might present a case, where he would be estopped, by his silence, from asserting a claim to it, or showing any such fact in defence of a suit upon the receipt. But, in the absence of all fraud, I apprehend that such defences are always allowed in analogous cases. The person, who submits to the attachment, is supposed to act under a species of duress, because he cannot resist it. It is much the same as one giving bail on an irregular process; he, or his bail, may, ordinarily, defend upon *scire facias;* Aiken v. *Richardson,* 15 Vt. 500. It is much the same, in principle, as that of paying illegal toll,—which the party may always recover back, or he may defend a contract given for the same. This last case is not, however, fully in point, because *there* is illegality, as well as duress. The receipt only admits the formal attachment, but not that it is *legal,* and binding upon the property. The receipt man undertakes to re-deliver the property, or show what will excuse the officer from all liability to any one on account of the property not being surrendered. That was done in the present case.

Judgment affirmed.