## PERRY vs. WILLIAMS.

*Rights and liabilities of receiptor for property seized on process.*

1. The receiptor of property seized on process is not liable to the officer for nondelivery of the property to him on demand, unless the officer is liable to some one for his failure to hold or sell the property on his process; and this doctrine is applicable where such property belongs to the receiptor.

2. Under circumstances which estop the receiptor to deny his liability to the officer for the property covered by the receipt, the officer is liable to account to the creditor for such property.

3. If the receiptor conceals from the officer his ownership and suffers the goods to be seized as property of the defendant (thus preventing, perhaps, a levy upon other property), he is *estopped* from claiming the goods as his own when sued on the receipt; but where the receipt does not admit that the defendant in the process is owner of the goods, and the receiptor at the time asserts ownership in himself, he is not estopped from setting up such ownership as a bar to an action upon the receipt.

APPEAL from the Circuit Court for *Green Lake* County.

Action upon an instrument in writing signed by the defendant, of which the following is a copy:

"MACKFORD, Sept. 12, 1874. Received of *C. W. Perry*, constable, twenty bushels of timothy seed, the same as taken on an execution in favor of R. P. Smith, the same now being on the premises of Owen Williams, which I agree to deliver to said *Perry* on demand, and the said seed taken on an execution against Patrick McGary." Due demand of the property thus receipted for, made before this action was commenced, and the refusal of the defendant to deliver the same to the plaintiff, are alleged in the complaint and were proved on the trial.

The answer, in addition to a general denial, alleges that defendant was the owner of the seed when such levy was made, and has never parted with his title thereto, and that such instrument was executed at plaintiff's request and for his accomodation, with no waiver of legal rights, but with a claim of ownership in the defendant.

The action was commenced before a justice of the peace, and removed to the circuit court by appeal. On the trial in that court, it seems to have been conceded that plaintiff was a constable when the receipt was given, and was then acting under regular and valid process. Defendant offered to prove that when he gave the receipt he was the owner of the seed and then declared his ownership thereof, and that he gave the same at plaintiff's request and for his accomodation, as alleged in the answer. The court rejected the testimony, holding that defendant was estopped by the receipt, and directed a verdict for the plaintiff for the amount of the execution, which was less than the value of the seed. A new trial was denied, and judgment entered upon the verdict; and the defendant appealed.

The cause was submitted on briefs.

*Runals & Lane*, for appellants:

1. Evidence that the officer was not misled should have been received, as there would be no estoppel in that case. 2 Hill, 219; 5 Denio, 157; 6 N. Y., 236; 7 id., 253, 644; 9 id., 615; 10 id., 402; 16 id., 633; 12 Abb. Pr., N. S., 289; 51 Barb., 208; 34 N. Y., 24; 10 Wis., 443; 12 id., 466; 36 id., 439; 43 N. Y., 283; 42 id., 443; *Dezell v. Odell*, 3 Hill, 215. An estoppel is created only where an act is done with the intent to influence the conduct of another, and has had that effect, and that other has parted with some right upon the faith of that act. *Pickard v. Sears*, 6 Ad. & El., 469.

2. It is held in *Heath v. Keyes*, 35 Wis., 668, and in 27 id., 521, that a receipt given to the officer does not estop the party from showing that the property was exempt and holding it as such.

*F. Hamilton*, for respondent:

1. There was a valid consideration for the receipt, and it was competent for the officer to take, and for the defendant to give, such an undertaking. *Cornell v. Dakin*, 38 N. Y., 253; *Acker v. Burrall*, 21 Wend., 605; *S. C.*, 23 id., 606

2. Defendant was estopped by his receipt from setting up or proving that the property was his own. *Cornell v. Dakin* and *Acker v. Burrall, supra; Dezell v. Odell,* 3 Hill, 215; *People v. Reeder,* 25 N. Y., 302; *Bursley v. Hamilton,* 15 Pick., 40; *Morrison v. Blodgett,* 8 N. H., 238; *Terry v. Allis,* 20 Wis., 32. 3. No evidence in respect to any alleged fraud on plaintiff's part should have been received, as no fraud is alleged in the answer. The acts relied on as fraudulent should be specifically stated. *Dickerman v. Bowman,* 14 Wis., 388; *Gill v. Rice,* 13 id., 49; *Gregory v. Hart,* 7 id., 532.

LYON, J. *Main v. Bell,* 27 Wis., 517, and *Heath v. Keyes,* 35 id., 668, were actions by a sheriff and constable or village marshal, respectively, against the receiptors of property seized by such officers on attachments or executions. In both cases it appeared that the property was allowed by the receiptors to remain in the hands of the debtors, and was exempt from seizure on such processes; that the exemption was claimed when the seizures were made and receipts given; and that the officers were not liable over to any party interested, on account of such seizures. Under those circumstances it was held that the receiptors were not liable to respond in damages for the nondelivery of the property to the officers. To the same effect is the case of *Connaughton v. Sands,* 32 Wis., 387. See also the cases cited in *Main v. Bell.*

The principle of law upon which these cases were decided, is, that although the receiptor agrees, in terms, to deliver the property seized to the officer, yet the obligation to do so is not absolute in all cases and under all circumstances. The officer can enforce the agreement to deliver the property, or recover damages for a breach of it, only when that is necessary to enable him to answer his obligations to some party having an interest in such seizure. If the officer is not liable to any one because of his failure to hold or sell the property

on his process, the receiptor is not liable to the officer for non-delivery thereof to him.

This principle has been applied in many cases where the goods seized and receipted for were not the property of the debtor but of a stranger, and the receiptor has delivered them to the real owner. Judge STORY, in his work on bailments, states the rule and its application to such cases as follows: "If the officer has wrongfully attached the goods of a third person, as the property of the debtor, and has bailed them, the bailee may, by a delivery of them to the true owner, protect himself; for by such redelivery the officer will be discharged from any liability for the goods to the creditor and debtor and the real owner." § 132. To this proposition the learned author cites the following cases : *Learned v. Bryant*, 13 Mass., 224; *Dewey v. Field*, 4 Met., 383; *Fisher v. Bartlett*, 8 Greenl., 122; *Burt v. Perkins*, 9 Gray, 317; to which may be added *Hayes v. Kyle*, 8 Allen, 300; *Shumway v. Carpenter*, 13 id., 68; *Lewis v. Webber*, 116 Mass., 450.

It is quite true that there are cases which seem to hold a contrary doctrine. *Cornell v. Dakin*, 38 N. Y., 253, to which reference is made in *Main v. Bell*, *supra*, is one of these. But the weight of authority seems to support the doctrine laid down by Judge STORY.

We think the same doctrine is applicable where the goods receipted for belong to the receiptor. If, in the present case, the property for which the receipt was given belongs to the defendant, the creditor has no right of action against the officer for failing to sell the same on the execution. Should the creditor sue the officer for neglecting to satisfy the execution out of such property, the latter can defeat the action by showing that the property did not belong to the debtor. *Fisher v. Bartlett*, 8 Greenl., 122; *Fuller v. Holden*, 4 Mass., 498 ; *Tyler v. Ulmer*, 12 id., 163. Neither has the defendant in the execution any right of action against the officer; for he has not been deprived of his property or in any manner inter-

Perry vs. Williams.

fered with. There are cases in which, although the property receipted for was exempt from seizure, or belonged to the receiptor or a third person, the receiptor has been held liable on the principle of estoppel. It is believed that those cases were correctly decided, and that they are not exceptions to the general rule above stated. If the circumstances are such that the receiptor is estopped to deny his liability to the officer for the property covered by his receipt, it seems clear that the creditor may insist that the officer shall enforce his levy, and that the latter is liable to account to the creditor for the goods seized; and hence that the case is not within the rule which releases the receiptor from liability. On this subject of estoppel in such cases, we can do no better than to quote a section from Drake on Attachments, inserting therein the authorities cited in the notes to such section:

"§ 392. But as between him [the receiptor] and the officer, in an action by the latter on the receipt, where the receipt admits the goods to be the defendant's or to have been attached as his, it has been repeatedly held that the bailee is estopped by the receipt from setting up property in himself. *Johns v. Church*, 12 Pick., 557; *Robinson v. Mansfield*, 13 id., 139; *Bursley v. Hamilton*, 15 id., 40; *Dewey v. Field*, 4 Met., 381; *Sawyer v. Mason*, 19 Maine, 49; *Penobscot Boom Co. v. Wilkins*, 27 id., 345; *Barron v. Cobleigh*, 11 N. H., 557; *Drew v. Livermore*, 40 Maine, 266. And in New York it was so ruled in a case where the receipt contained no such admission, but simply an acknowledgment of having received the property, and a promise to redeliver it at a certain time and place. *Dezell v. Odell*, 3 Hill, 215. Later cases, however, qualify this general rule. While it is conceded on all hands that a receiptor who conceals from the officer his ownership of the property, and suffers it to be attached as the defendant's, thereby preventing the officer, perhaps, from attaching other property, is precluded, when sued on the receipt, from setting up property in himself; yet, it is considered to be materially

different where he makes known to the officer, at the time of the attachment, that the property is his, and not the defendant's. In such case it is held in Massachusetts that the bailee may set up property in himself, not as a bar to the action, but as showing. the officer entitled only to nominal damages (*Bursley v. Hamilton*, 15 Pick., 40); while in Vermont and in California it is considered to constitute a full defense. *Adams v. Fox*, 17 Vt., 361;.*Bleven v. Freer*, 10 Cal., 172. See *Jones v. Gilbert*, 13 Conn., 507. And in New Hampshire it was held that the giving of a receipt for the property by the owner of it is no bar to an action of trespass by him against the attaching officer. *Morse v. Hurd*, 17 N. H., 246."

In the present case it is alleged in the answer, in substance (as we understand it), that when the receipt was given the defendant asserted his ownership of the property. We find no element of estoppel in the case. It is not admitted in the receipt that the debtor was the owner of the property, and the record fails to show that the defendant has made any admission or done any act which estops him from asserting that he is the owner of the property.

We conclude, therefore, that the case is within the general rule above stated, and that it is competent for the defendant to show, in bar of the action, that he was the owner of the property and asserted such ownership when the receipt was given. Because he was not permitted to do so, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.

*By the Court.* — So ordered.