## E. L. ROBERTS v. AUSTIN CARPENTER.

### Liability of Receiptor.

1. The receiptor of property attached is only liable to the officer so long as the *officer is liable to the attaching creditor, or the debtor;* hence, when the creditor has failed to preserve the attachment lien by not charging the property in execution ; and the defendant in the original suit having deceased, and the receiptor appointed his administrator, so that the property has come into his possession, there is no liability.

2. In an action against a receiptor evidence is admissible to prove that the *officer* is neither liable to the attaching creditor, nor to the debtor.

CASE heard at the September Term, 1880, VEAZEY, J., presiding. Trial by the court ; judgment for the defendant.

It was agreed that the facts were as follows :

Action founded upon the following receipt :

Received of Edward L. Roberts, Deputy Sheriff within and for the County of Windham, and State of Vermont, four cows, one two-year-old heifer, one horse and one two-year-old colt, which I promise and agree to keep free of costs of expense to the said Edward L. Roberts, and deliver the same to the said Roberts, or his order, on demand, or pay the sum of three hundred dollars. (Signed.)

The property mentioned in said receipt was attached by Sheriff Roberts on the 1st day of April, 1875, on a writ in favor of Ophelia L. Snow against Daniel Carpenter and Daniel C. Carpenter as the property of said Daniel Carpenter. Said property was at the time of the attachment the property of said Daniel ; and Daniel C. had no interest therein. Daniel Carpenter died on the 23d day of January, 1879. The suit of Ophelia Snow against Daniel Carpenter and Daniel C. Carpenter was pending in the Supreme Court, in said Windham County, at the time said Daniel Carpenter deceased. Upon the calling of the docket at the opening of the Supreme Court, at its February Term, 1879, on the 17th day of February, the death of Daniel Carpenter was suggested on the record of that term ; and on the 21st day of said February, said Supreme Court rendered final

judgment in the suit in favor of plaintiff Snow, in affirmance of the judgment of the County Court for said county at its September Term, 1877 ; and execution was awarded and issued against Daniel C. Carpenter only. The judgment of said County Court, at the September Term, 1877, was in favor of plaintiff Snow against both defendants, for the sum of $2008.33.'

About the 1st of March, 1879, the plaintiff Roberts made demand upon the defendant for the return of the property named in the receipt, and the return was refused. On the 3d day of February, 1879, the defendant, Austin Carpenter, was duly appointed administrator upon the estate of said Daniel Carpenter ; and he now holds such office, and the commissioners were appointed upon said estate on said 3d day of February. The property attached by the plaintiff, and receipted by the defendant, never came into the hands or possession of the defendant until after he was appointed administrator, as aforesaid, when the same or the avails thereof, as such administrator, came into his hands.

*H. W. Brigham* and *Davenport & Eddy*, for the plaintiff.

This receipt is a contract, absolute in its terms, free from ambiguity. It binds defendant to return the property when called for, or pay its stipulated value. *Spencer* v. *Williams*, 2 Vt. 209 ; *Lowry* v. *Cady*, 4 Vt. 504 ; *Allen* v. *Butler*, 9 Vt. 122 ; *Parsons* v. *Strong*, 13 Vt. 235 ; *Pettes* v. *Marsh*, 15 Vt. 454 ; *Brown* v. *Gleed*, 33 Vt. 147 ; *Soule* v. *Austins*, 35 Vt. 519 ; *Catlin* v. *Lowry*, 1 D. Chip., 396 ; *Bowman* v. *Conant*, 31 Vt. 479 ; *Ide* v. *Fassett*, 45 Vt. 68.

*O. E. Butterfield*, for the defendant.

The general property of chattels attached remains in the owner ; and the attaching officer can maintain an action therefor only upon the ground of his liability for it. Gen. Sts. 303, s. 94 ; *Johnson* v. *Edson*, 2 Aik. 299 ; *Mussey* v. *Perkins*, 36 Vt. 690 ; *Collins* v. *Smith*, 16 Vt. 9 ; *Hanston* v. *Howard*, 39 Vt. 54 ; *Adams* v. *Fox*, 17 Vt. 361 ; *Learned* v. *Bryant et al.*, 13 Mass. 224.

The opinion of the court was delivered by

TAFT, J.   This is an action founded upon an officer's receipt, in which the defendant, after stating the receipt of the property, promises and agrees to keep the same free of expense to the plaintiff, and on demand to return the same to him or his order, or pay the sum of three hundred dollars.   The property was attached as the property of Daniel Carpenter and was, in fact, his.   The suit in which it was attached proceeded to judgment, the defendant, Daniel Carpenter dying, after final judgment in the County Court but prior to its affirmance in the Supreme Court. No execution was ever issued against Daniel Carpenter, or the property attached.   The plaintiff by the attachment acquired a special interest in the chattels attached ; but the property not having been charged in execution such interest ceased.   *Johnson* v. *Edson,* 2 Aik. 299; *Muzzey* v. *Perkins,* 36 Vt. 690.   And the plaintiff can only maintain an action for it upon the ground that he is liable for it, either to the attaching creditor, or the debtor. As was said by BENNETT, J., in *Collins* v. *Smith,* 16 Vt. 9 : " The principle is well settled that an officer who attaches property gains such a special interest in it that he can maintain an action for it, so long as he continues either liable to the attaching creditor for the same, or to the owner for its return upon the dissolution of the attachment, but no longer"; and see *Weeks* v. *Martin,* 16 Vt. 237 ; *Adams* v. *Fox,* 17 Vt. 361.   The defendant, at the time this suit was brought, was holding the property as administrator of Daniel Carpenter.   The officer, then, was under no liability to the attaching creditor, she having failed to preserve her lien upon the property by the issue of an execution ; and none whatever to Daniel Carpenter the debtor, or to the administrator of his estate as the property was, at the time this suit was brought, in the hands of the administrator.   The plaintiff being under no liability in the matter to any one, and the chattels in the possession of the party rightfully entitled thereto, had lost his special interest in the property, and can maintain no action to recover it, or its value.   An officer can recover of the receiptor so long as the lien of the creditor is in force, and after that ceases until the property, if the officer had taken it into his possession, is restored to the

debtor or the rightful owner.   At the time this suit was brought the lien of the creditor had ceased, and the animals were in the owner's possession.

The claim of the plaintiff that the property can be held upon the execution against Daniel C. Carpenter is untenable :   it was not attached as his property ;   the officer was not misled, by anything that took place, to the prejudice of his rights, or the rights of the creditor.   This claim is alleged to be the result of the doctrine that parol evidence is not admissible to contradict the receipt.   It was adjudged in this State in *Spencer* v. *Williams*, 2 Vt. 209, that a receiptor cannot allege the want of a sufficient and legal attachment, nor a delivery to him of the goods, after having acknowledged the same in writing, and in consequence of which the officer has made himself responsible for the goods to the creditor ; but this may well be placed upon the ground of an estoppel ; as was said in that case, the plaintiff :  " Having incurred this liability on the faith of the receipt, is entitled to the benefit of it for his indemnity ; and to allow it to be defeated by the defence set up  (that there was no such property, and no attachment) would be the grossest injustice to him."   In *Adams* v. *Fox*, *supra*, REDFIELD, Ch. J., says:  " The receipt only admits the formal attachment, but not that it is legal and binding upon the property. The receipt man undertakes to re-deliver the property, or show what will excuse the officer for all liability to any one on account of the  property not being surrendered."   We think the evidence properly admissible to prove the facts mentioned in the agreed statement.

Judgment affirmed.