CALVIN McCUTCHEON *v.* ROY H. LEONARD.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1941.

*Edward G. McClallen, Jr.,* and *George M. Goddard* for defendant.

*Lawrence & O'Brien* for plaintiff.

STURTEVANT, J. In this action the plaintiff, Calvin McCutcheon, seeks to recover damages alleged to have resulted to him because of the wrongful refusal by the defendant's deputy to return to his possession a certain automobile truck. The case comes here before entry of final judgment under the provisions of P. L. 2072 upon exceptions by the defendant to the action of the court in granting the plaintiff's motion for judgment upon the pleadings as they stood after the defendant's answer had been filed.

The material facts of the declaration which are admitted by the answer are as follows.

At all times material here the defendant, Roy H. Leonard, was the duly elected and qualified sheriff of Rutland County and one M. J. Dusckett was a duly appointed and qualified deputy sheriff of that county having received his commission as such from the defendant.

On the 26th day of July, 1939, Dusckett by authority of his appointment as such deputy attached a certain Dodge express truck automobile as the property of the plaintiff, this truck found in his possession and being of the value of, to wit, six hundred dollars. This attachment was made by authority of a writ returnable before the Rutland City Court in the suit of Howard J. Burke and Harold F. Burke doing business at the City of Rutland under the name Burke's Garage and Service Station, plaintiff, and Calvin McCutcheon, the plaintiff in the case at bar, defendant. The attachment was made by officer Dusckett taking the automobile into his actual possession. Judgment was entered for the defendant in that suit by the Rutland Municipal Court on February 19, 1940. No appeal was taken to the action of the court in entering that judgment and the same was a final judgment whereby the attachment in that suit was dissolved.

While the foregoing facts are admitted by the defendant in his answer, he denies the plaintiff's allegation that after the judgment had made final disposition of that case it was officer Dusckett's duty to return the automobile truck to McCutcheon's possession because he states that the truck was the property of Thomas F. Burke, Howard J. Burke and Harold F. Burke and at the time of the attachment was in McCutcheon's possession for the purpose of affording him an opportunity of trying it out and so to determine whether or not he wished to purchase it and at the time of the attachment it had not been purchased by him. The answer also states that sometime after the attachment the officer delivered the truck to said Burkes, the owners.

■■ The plaintiff in his motion for a judgment in his favor contends that assuming the facts set forth in the defendant's answer to be true he is entitled to recover in this action. In his declaration he does not allege any right of possession of the automobile excepting the fact that the officer attached it as his, McCutcheon's, property. He insists that the officer having so attached the car the defendant here is estopped from claiming in this action that McCutcheon did not own the property. This contention is not sound. The trouble with it is that the motion for judgment concedes for the purpose of ruling upon it that the truck was the property of the Burkes, was in McCutcheon's possession for the purpose of trying it out to see whether or not he wished to purchase it, that he had not bought it when attached and that after the attachment the officer returned the car to its owners. It may well be that when the attachment was made the time allowed McCutcheon for trying out the car had expired or that for some other reason he was no longer entitled to retain possession of it. The officer may have reasonably and honestly believed that the car belonged to McCutcheon and so attached it as his property and later learned that the Burkes owned it and that McCutcheon was not entitled to possession of it. Under these circumstances no right of the plaintiff here would be invaded by the return of the car to its true owners. If the plaintiff in the case at bar was not entitled to possession of the car after the attachment was dissolved by a judgment in the suit brought against him the officer could not take it from the owners without their consent and deliver it to McCutcheon without committing a trespass and this the law did not require him to do. If there was no

duty on the part of the attaching officer to return the truck to McCutcheon after the attachment had been dissolved it follows that McCutcheon had no cause of action against the defendant for the failure of the defendant's deputy to do so.

The principles controlling here have been discussed by this Court and followed in many cases among which are: *Hutchinson et al.* v. *Lull*, 17 Vt. 133, 136, 137; *Adams* v. *Fox*, 17 Vt. 361, 365; *Walworth* v. *Town of Readsboro*, 24 Vt. 252, 260; *Roberts* v. *Carpenter*, 53 Vt. 678, 680; *Wheeler* v. *Selden*, 62 Vt. 310, 311, 20 Atl. 197; *Polley* v. *Hazard, Jr.*, 70 Vt. 220, 222, 40 Atl. 36; *McDermott* v. *Jaquith et al.*, 88 Vt. 240, 248, 249, 92 Atl. 230.

The plaintiff has cited several cases from this Court in support of his contention but each of these deals with a situation where the debtor in the attachment suit was the owner of or at least entitled to the possession of the attached property. This is an entirely different situation from that presented in the case at bar and so those cases are not in point here.

It is also claimed by the plaintiff that the ruling of the court in granting his motion for a judgment was an act within the court's discretion and therefore that ruling should not be disturbed.

From what we have hereinbefore stated it appears that the matters set forth in the defendant's answer, if true, constitute a complete defense to the plaintiff's claim. Therefore the defendant was entitled to an opportunity to establish the truth of them as a matter of right. To disregard these alleged facts was not within the discretionary power of the court below.

*Judgment reversed and cause remanded.*