SAMUEL B. COOPER *vs.* JOSEPH R. CREE, et al.

A declaration on a receipt, taken by an officer for property, attached upon *mesne procsee,* should contain sufficient averments to show, that the lien, created by the attachment, has been preserved ; especially when the original debtor is defendant.

This was an action of *assumpsit* for four oxen and various articles of other personal property, which the plaintiff alleged he delivered to the defendants at their request, and which they promis-

37

Essex,
March,
1832.

Cooper
vs.
Cree et al.

ed to return, &c. ; and set forth his title to the property to be his, having attached it in the year 1824, as the property of Oliver Ingham, one of these defendants; and alleged the defendants' promise to be, to deliver said oxen, &c., to said *Cooper*, or to any other officer, legally authorized to demand and receive the same, when demanded. The plaintiff then alleged a demand of the property in June, 1831, and the neglect and refusal of the defendants to deliver it. All these things were averred with sufficient certainty ; but nothing was said about the return of the writ, or any proceedings in the suit, or any circumstance showing a continuance of the lien, created by the attachment. To this declaration the defendants demurred, and the plaintiff joined in demurrer. The county court rendered judgement for the defendants, and the plaintiff appealed to this Court. At this term, the defendants' counsel urged the defects of the declaration, in its not showing any facts to support the lien, upon which the plaintiff predicated his action.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— The plaintiff's whole claim is by virtue of his having attached the property in question upon a writ in favor of one Lake, against Oliver Ingham, one of these defendants. He ought to have added to his present declaration, the return of his writ, the entry of the action, and proceedings therein to final judgement ; the taking out execution, and delivering of the same to the officer, within thirty days from the judgement. He cannot recover against Ingham, the original owner, without he has kept his lien good, and that must appear in the declaration. Should we treat as surplussage what is said about the plaintiff's being deputy sheriff, it would not cure the defects ; for that is incorporated into the promise, and into every important part of the declaration. Besides, it once appearing in the declaration, that the property in question was attached as the property of Ingham, one of the defendants, nothing can entitle the plaintiff to recover short of his lien kept good to the end of the first suit, and the delivering out of execution in thirty days. Judgement, that the declaration is insufficient. Afterwards, on request of plaintiff's counsel, he was permitted to enter a nonsuit, with full costs.

*Pearson*, for plaintiff.

*Cushman*, for defendant.