RUTLAND,
*January,*
1839.

ABEL PAGE *v.* R. R. THRALL.

A receipt for property attached, in which the receiptor promises the officer
" to re-deliver him the property on demand, or indemnify him against all
damages he may sustain in consequence of his having attached the same,"
is an *absolute* undertaking to return the property on demand; and the re-
ceiptor cannot justify a refusal under the latter clause of indemnifying
the officer.

The officer's right of action accrues on his making a demand, and the sta-
tute of limitations then begins to run.

THIS was an action of assumpsit, commenced on the 30th
of March, 1837, upon a receipt for certain articles of per-
sonal property, executed on the 21st day of April, 1828,
by the defendant to the plaintiff, who was then a consta-
ble, and, as such, had attached the property mentioned in
the receipt, on a writ in favor of A. S. Brown against Warren
Drinwater. The defendant pleaded, among other things,
the statute of limitations and a set-off.

The receipt in question contained a promise to re-deliver
said property on demand, "or indemnify said Page against all
damages he may sustain in consequence of his having attach-
ed" said property.

On the trial in the county court, it appeared by the plain-
tiff's return on the execution *Brown* v. *Drinwater*, that the
plaintiff demanded the property receipted, on the 6th Octo-
ber, 1828. It also appeared that Brown, within six years next
before the commencement of this suit, had obtained a judg-
ment against Page, the present plaintiff, for the value of the
property attached by the latter, as aforesaid, and that the
property was afterwards demanded by the plaintiff of the de-
fendant on said receipt.

There was also testimony in support of the defendant's
plea of set-off, and the jury, under the charge of the county
court that the plaintiff's right of action upon the receipt was
not barred by the statute of limitations, as the statute only
began to run from the demand made after the judgment in
favor of Brown against the plaintiff, returned their verdict
for the defendant for the balance of the defendant's claim in
offset, after deducting the amount of the plaintiff's claim up-
on the receipt in question.

The defendant excepted.

*R. R. Thrall* and *E. L. Ormsbee,* for defendant.

The plaintiff's claim was barred by the statute of limitations. The receipt was conditional, and it was at the option of the plaintiff to elect either condition. He did elect to take the property, and, upon demand for its re-delivery, the statute began to run.

*P. Smith,* for plaintiff.

The plaintiff's cause of action did not accrue until after judgment against him and demand made. *Hutchinson* v. *Parkhurst* 1 Aik. R. 258. *Kendall* v. *Dodge,* 3 Vt. R. 360.

The opinion of the court was delivered by

BENNETT, J. There are several questions raised on the argument of this case, but as there is one objection which is fatal to the plaintiff's recovery, there is no occasion to pass upon the others. The action was commenced on the 30th of March, 1837, and the only ground of defence necessary to consider, is the statute of limitations.

The plaintiff's return on the execution is plenary evidence against him that the demand was then made, and the right of action would then accrue on the receipt, unless this is to be varied from the common case of an officer's receipt. It has been urged that this receipt is in the alternative, giving the defendant the right to return the property or indemnify the plaintiff at his election ; and that if he did not return the property on demand, the alternative of the contract became absolute, and that no action would accrue on the contract till the plaintiff had been damnified. But this is not a sound construction of the contract, and cannot be conformable to the intent of the parties. The plaintiff had no power to make any disposition of the property, otherwise than for safe keeping, and to construe this contract, in effect, as a conditional sale would pervert the very object of the parties.

The only effect, which the latter clause in the receipt can have, is to measure the extent of the defendant's liability, and is no more than the legal result of a non-delivery of the property. Substitute the word "and" for "or," and no one would think of making a question, and this gives the contract according to the intent of the parties. In *Catlin* v. *Lowry,* 1 D. Chip. R. 396, it was held that a stipulation in an officer's receipt for property attached, to return the property on demand *or* pay all costs and damages, was an absolute pro-

mise to return the property on demand, and that the rule of damages was the value of the property. So in the ease of *Sibley* v. *Story*, 8 Vt. R. 15, the stipulation in the receipt was to return the property on demand, or pay the debt and all costs, on account of not delivering it; and this was held to be an absolute promise to return the property on demand, and that the only effect of the latter clause in the receipt was to give the rule of damages. We can have no doubt what must be the legal effect of the defendant's contract, and that the plaintiff's right of action was complete upon the making of the demand, and consequently, the statute must be a bar.— On this single ground the judgment below is reversed, and a new trial granted.