## DAVID KELLY *v.* JOSEPH C. DEXTER, DENNIS HORTON and EZRA ANDRUS.

Where property had been attached, and receipted to the officer, and was soon after, and before any demand for it had been made, sold by the officer at public auction, by the mutual consent of the officer, the attaching creditors, the debtors and receiptors, it was held that such sale was an implied rescinding of the contract evidenced by the receipt, notwithstanding the sale might have been made under the direction of the receiptors, and operated for their benefit, and the avails of the sale were paid into their hands.

THIS was an action of assumpsit founded on the following receipt:

"Received of D. Kelly, constable of Danby, the following
'described property, to wit, fifteen cows of the value of *two*
'hundred and forty dollars, also eight yearlings of the value
'of forty dollars, and seven calves at three dollars and fifty
'cents per head, which property we are to return on demand,
'or pay said Kelly the aforesaid sums, at our choice, when
'called for, after judgments are recovered on the demands on
'which said property is attached. We are to pay said Kelly
'for said property according to the above valuation, and if
'any man claims said property, Kelly is to pay us back, ac-
'cording to the above valuation.

                    (Signed)   J. C. DEXTER,
                               DENNIS HORTON,
'Danby, 23 February, 1836.      EZRA ANDRUS."

Rutland.
*February,*
1843.

Kelly
*v.*
Dexter *et al.*

The plaintiff averred, in his declaration, that the said property had, before the execution of said receipt, been taken by him, as constable of Danby, on divers writs of attachment at the suit of Thomas McDaniels, and T. & J. McDaniels, against Jared L. Hulett, and A. B. Hulett, in which suits judgments were rendered at the then following April and September terms of the Rutland county court, and that said property had been demanded, &c.

The defendants pleaded the general issue.

The plaintiff offered in evidence the foregoing receipt, together with the following endorsement thereon, signed by the defendants :

" Danby, 9 May, 1836. We hereby acknowledge that ' the within named property has been legally demanded ' of us."

The defendants offered evidence tending to show that, soon after the execution of the receipt, the property therein mentioned was, by the consent of the plaintiff and defendants, and the creditors and debtors, sold, by the plaintiff, at auction ; that the defendants were present at the sale, which was made under their direction and for their benefit, and that the money received therefrom was paid to them. And the defendants proved that two of said cows attached were given up as not being the property of the debtors ; and that a part of said cattle were claimed by the firm of S. & N. J. Smith, and were recovered by them in a suit against the plaintiff and others, and that, in consequence of said recovery, the sum of ————— was paid to S. & N. J. Smith, by T. McDaniels, the creditor in the execution against said J. L. Hulett. The defendants further proved that the said Dexter, one of the defendants, was the attorney of the said McDaniels.

The defendants also offered evidence tending to show that a part of the property, so receipted and sold, was sold to irresponsible persons, and that the avails had not been received, and probably could not be collected ; but the court rejected this evidence as irrelevant—as the sale was in the presence, and under the direction, of the defendants—unless they could show that such property was sold to such persons against the consent of the defendants.

The defendants requested the court to charge the jury

that it was necessary for the plaintiff to prove the rendition of the judgments as described in his declaration, and that writs of execution had been duly issued thereon, and placed in the hands of the officer attaching the property, within thirty days, or if placed in the hands of another officer, that it was necessary to prove that a demand of the property receipted had been duly made of the plaintiff.

The defendants also requested the court to charge, that the liability of the receiptors was discharged by the sale of the property, as above described.

But the court refused so to charge, and charged the jury that the plaintiff was entitled to recover on the evidence he had introduced as above described.

The defendants excepted.

—— ——, for the defendants.

1. It was incumbent on the plaintiff to prove the rendition of the judgments, and the issuing the executions, as set forth in his declaration.

2. The defendants were discharged from their receipt by the public sale of the property by the plaintiff. A new contract was thereby instituted ; and, if liable at all, they were liable for the money they had received, and not on the receipt they had given.

3. The defendants ought not to be charged for property sold by the officer to irresponsible persons, unless they expressly assented thereto.

*S. Foot*, for plaintiff.

Proof, *aliunde*, of the rendition of the judgments described in the declaration, would have been a matter of supererogation, inasmuch as by. the acknowledgment of the defendants on the back of the receipt, the property had been *legally* demanded of them.

The property being sold, under the direction, and in the presence, and with the consent, of the defendants, such sale could in no wise discharge them, even if made to irresponsible persons—the defendants not objecting to such sale.

The opinion of the court was delivered by

BENNETT, J. — The property, which the plaintiff, a con-

stable of Danby, had attached, on sundry writs against the Huletts, in favor of sundry persons, the defendants had receipted, and by the terms of the receipt they assumed to return the property to the officer, or pay for it, according to a given valuation, at their election, on demand, after judgments should have been obtained on the demands upon which the property had been attached. It further appears from the case that, soon after the receipt was executed, the officer sold the property at public auction, with the consent of the creditors, and debtors, and also the receiptors. The sale, as the case finds, was for the benefit of the receiptors, and under their direction; and the avails of the sale were paid into their hands.

The question, then, arises, what must be the effect of such a state of facts upon the contract evidenced by the receipt? The defendants stood as bailees of this property, without any beneficial interest. The possession of receiptors has been frequently called a *naked* possession. When the property is returnable on demand, the officer has the right, at any time, to take it from the possession of the receiptors by means of his original lien; and when thus taken, no action can be sustained upon the receipt.

When a statute is passed, inconsistent with a former one, upon the same subject, the latter is an implied repeal of the former. The same principle will well apply to contracts. It has been expressly adjudged that a contract is *impliedly rescinded* by a new and inconsistent agreement. *Taylor* v. *Hillary*, 1 Crompton, Mason & Roscoe's R. 741; also *Patmore* v. *Colburn*, Idem., 65. This principle must, at once, commend itself to every lawyer. The property, in the case before us, was sold by the officer, with the consent of *all in interest;* and it was thus put beyond the power of the defendants to return it. The arrangement is entirely incompatible with the idea that the property should be returned by the defendants in their discharge, as contemplated in their receipt. The sale being by the express consent of all concerned, a new liability is, by implication of law, imposed upon the defendants, from their receipt of the avails of the sale; and it being before any action had accrued upon the receipt, it must, in effect, be an *implied rescinding* of the contract. After such sale, I think it clear that the officer

RUTLAND,
February,
1843.

H. & G. Vail
v.
Adm'r of
Jackson.

could not maintain trover for the property attached, against his receiptors. When, by the consent of all parties, and before the breach of an executory contract, it is put out of the power of the party to perform it, it is most reasonable that he should be discharged from its obligations.

If the defendants are to be charged upon the receipt, that must measure the extent of their liability, and not the amount of sales, whether greater or less. It can make no difference that the sale might have been under the direction of the defendants. It was none the less by the consent of all concerned. It being for their interest to have such sale made, cannot alter the case. If such course was adopted, as to excuse the receiptors from the responsibility of sustaining the property until it should be demanded on execution, it might, indeed, be for their benefit ; but what then ? It does not follow that they continue liable upon the receipt. Such sale might have been beneficial to the others. They, doubtless, judged it would be, or they would not have consented to it. It can make no difference with the question before us, that the moneys arising from the sale were paid into the hands of the defendants. They, doubtless, hold them in trust for some one. Whether the attaching creditors, or the officer in their behalf, could call them out, either at law or in chancery, or whether the attachments were, in effect, dissolved by the sale, so that the moneys are held by the defendants in trust for the original debtors, are questions not now before the court.

The decision of the question which we have considered will, of course, put an end to the present action ; and there is no occasion to consider any other questions raised upon this bill of exceptions.

Judgment of the county court reversed.