Hezekiah S. Carpenter, *Ap't, v.* Eunice Snell's Estate, L. M. M. Gray, *Administrator.*

*Receiptor. Attachment.*

There is no duty cast upon the receiptor of property attached to return it, and no cause of action arises against him on his receipt, until a demand is made for the property, which must be within the life of the execution.

Carpenter v. Estate of Snell.

Where no demand is made upon the receiptor in his lifetime, it must be made upon his personal representative before the cause of action can be considered as perfected against his estate.

An application to the administrator to consent to an opening of the commission so that a claim upon a receipt for property attached, made by the intestate, could be presented, is not equivalent to a demand of the property.

APPEAL from the decision of commissioners disallowing a claim presented by the plaintiff. The plaintiff declared in special assumpsit. Plea, the general issue. Trial by the court, June Term, 1864, POLAND, Ch. J., presiding.

Upon the facts as set forth in the opinion of the court, the county court rendered judgment for the defendant,—to which the plaintiff excepted.

*G. C. & G. W. Cahoon,* for the plaintiff.

*Peck & Colby,* for the defendant.

KELLOGG, J. This is an appeal from the disallowance of a claim by commissioners, and the plaintiff's declaration is in special assumpsit on a receipt given to him by Eunice Snell, the intestate, for property which he had attached as an officer in a suit between other parties. The property which was attached was duly charged in execution, so far as it was necessary to fix the liability of the officer to the creditor for it, but this is a suit between the officer and receiptor, and not in favor of the creditor against the officer. Before the recovery of judgment in the suit on which the attachment was made, the receiptor died, and administration had been taken out on her estate. There was no proof that any demand for the property was made upon her in her lifetime, or upon her administrator after her decease; and, upon this ground, the county court decided that this action could not be maintained.

The obligation or duty of the intestate, as expressed in the receipt which she executed to the plaintiff, was to return the attached property " on demand." To preserve the lien of the attachment on the property, it is necessary that execution should be issued and delivered to an officer for levy within thirty days from the time when the creditor first becomes entitled by law to take out execution on the judgment; and, to charge a receiptor on his receipt, it is necessary that the property should be demanded of him within the life of that execution by the delivery of which to the officer the creditor's lien is

kept good. *Bliss* v. *Stevens*, 4 Vt. 88. There is no duty cast upon the receiptor to return the property, and no cause of action arises against him on his receipt, until a demand is made for the property. In *Page* v. *Thrall*, 11 Vt. 230, it was held that the officer's right of action on his receipt accrues on his making a demand, and that the statute of limitations begins to run from that time. The receiptor is the bailee of the property and holds it for the officer, upon the condition that the liability of the officer for it to the attaching creditor becomes fixed by duly charging the property in execution. In the contemplation of the parties, as shown by the contract of bailment, the property is to remain in the possession of the receiptor until it is called for by the officer or otherwise duly demanded, and a demand on the receiptor for it is made essential to perfect a cause of action upon the receipt, as well by the very nature of the bailment as by the express terms of the contract. There was no breach of the contract of bailment during the life of the intestate, for she was not called on in her lifetime to return the property, and it is not claimed that she had used or disposed of it, or that she had placed herself in such a position that she would not have been able to comply with the terms of the contract if a demand had been made upon her. There is no ground upon which it can be assumed that she would have refused to return the property if a demand had been made. There was, consequently, no perfected cause of action against her on the receipt in her lifetime. If a demand was necessary to complete the cause of action in her lifetime, there is the same necessity for a demand of her personal representative before the cause of action can be considered as perfected against her estate. It is to be presumed that this property was in her possession, or under her control after its bailment to her by the plaintiff, and that the same custody and control of it passed to her administrator when appointed; and a demand for the property could not be dispensed with as an element to a perfected cause of action, unless in a case where there was no such personal representative at the time when the demand for the property ought to have been made. The application made by the plaintiff to the intestate's administrator, to consent to the opening of the commission, so that the claim which he now makes could be presented to the commissioners for allowance against her estate, cannot

be regarded as equivalent to a demand for the property, even if it appeared to have been made in seasonable time, because the admin- istrator would have no right to understand, from such an application, that he was called on to look up and deliver the property on the re- ceipt. The application proceeded on the ground that the cause of action was complete at that time, and the plaintiff obtained from the probate court the very same privilege and liberty for which he made this application to the administrator. He was placed by the probate court in precisely the same position in which he would have been if the administrator had consented to his application; and the refusal of the administrator to accede to his application did not operate in any degree to his injury. If the administrator had been called on for the property, he might have looked for it and had it forthcoming in satisfaction of the terms of the receipt.

Judgment of the county court for the defendant affirmed. .