JOHN H. POLLEY *vs.* SAMUEL L. HAZARD, JR.

October Term, 1897.

Present: ROSS, C. J., TAFT, MUNSON, START and THOMPSON, JJ.

*Receiptor's Contract—What Will Relieve Him from Liability.*

The receiptor's obligation, even when absolute in its terms, is contingent by operation of law. His contract is to return the property to save the officer from liability to the attaching creditor or the owner, and he can defend by showing whatever will relieve the officer from this liability.

A receiptor is released by an adjudication of insolvency against the attachment debtor which dissolves the attachment, although a part of the property had been previously disposed of by the debtor, and although execution was taken out and the property demanded in season to have permitted a sale upon execution before the filing of the petition, for the court will not assume that the officer would have proceeded thus speedily in the absence of any evidence that the creditor had directed it.

TROVER. Heard on an agreed statement of facts at the March Term, 1897, Rutland County, *Tyler,* J., presiding.

Judgment for the plaintiff to recover $102.16 and his costs. The defendant excepted.

May 25, 1896, the plaintiff, deputy sheriff, served a writ in favor of James Laramie against the Hazard Slate Co., attaching the property described in the writ in this cause, and the defendant gave a receipt therefor, by which he undertook to redeliver the same to this plaintiff, or any other officer authorized to demand it, on demand, or pay all costs and damages.

Judgment was obtained in the Laramie suit for the plaintiff for $96.90, damages, and $6.26, costs. An appeal was taken by the defendant, but, not being entered, an execution was issued July 21, 1896, and placed in the hands of the plaintiff for collection, and he, within thirty days from the date of the judgment, demanded the property of the receiptor, who failed and refused to deliver. The property had been allowed to remain in the possession of the Slate Company and a part thereof, exceeding in value the amount of the Laramie judgment, had been disposed of by it before the issuing of the execution. The remainder of the attached property, which was not sufficient to satisfy the execution, together with other personal property of the Slate Company which was sufficient, was seized and advertised for sale on said execution by the plaintiff. September 12, 1896, a petition in insolvency against the Slate Company was filed, and on the 15th day of October it was adjudged insolvent, and the property passed to the possession of the messenger and afterwards of the assignee.

*Bromley & Clark* for the defendant.

*William H. Preston* for the plaintiff.

The conversion was committed when the property was disposed of. *Clark* v. *Smith*, 52 Vt. 529. A cause of action accrued at that time. If the insolvency proceedings had been begun before that cause of action accrued, the attachment would have been dissolved and the property vested in

the assignee; but having been disposed of it could not pass to him. There was time to have sold the property before insolvency proceedings, had the receiptor kept the property to respond to the execution. The defendant is, therefore, liable. *Moulton* v. *Chapin*, 28 Me. 505.

MUNSON, J. The receiptor's obligation, although absolute in its terms, was contingent by operation of law. He was to return the property to save the officer from liability to the attaching creditor or the owner. He can defend by showing whatever will relieve the officer from this liability. *Adams* v. *Fox*, 17 Vt. 365; *Roberts* v. *Carpenter*, 53 Vt. 678; *Dayton* v. *Merritt*, 33 Conn. 184.

The assignment in insolvency related back to the filing of the petition, and dissolved the attaching creditor's lien upon the receipted property, and passed the property to the assignee as against the debtor. V. S. 2098, 2099. So no ground was left upon which the officer could be made accountable to either the creditor or the owner. It is true that a sale of the property before the filing of the petition would have been valid against the assignment, and that the officer demanded this property in such time that if delivered it could have been so sold. But we think the receiptor cannot be held liable upon the mere fact that a sale might have been made. The statute required the officer to advertise the property forthwith, but did not limit him to the fourteen days' notice. Inasmuch as the law gave him sixty days in which to make sale and return, the law cannot well assume that he would have done it in less time. It is not necessary to consider what holding would be required if it were found that the creditor had directed a speedy sale.

The plaintiff is nevertheless entitled to nominal damages, the suit having been brought before the attachment was dissolved.

*Judgment reversed and judgment for plaintiff for one cent damages and costs.*